IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHELSEA L. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 4:13-cv-00514 |
| | § | |
| SAMUEL F. BAXTER, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Federal Rule of Civil Procedure 12 Samuel F. Baxter ("Defendant") files this his Original Answer to Plaintiff's Complaint (the "Complaint") as follows:

## I.
## INTRODUCTORY STATEMENT

1.1    Defendant is a shareholder with the law firm of McKool Smith PC ("MS"). Defendant has been an attorney for more than forty years and has an impeccable reputation. Plaintiff Davis is a former and disgruntled employee of MS who was hired in April 2010 and whose employment was terminated for cause, approximately 10 months later, in January 2011.

1.2    Since early 2013, over two years after her departure from MS, Plaintiff Davis has harassed and threatened Defendant and Defendant's family, including making death threats to his family and children. Plaintiff Davis has similarly harassed and threatened others, including making death threats against another attorney's family. Plaintiff Davis's demands change regularly, and range from demanding Dallas Cowboy tickets to being paid tens of millions of dollars.

1.3     The public record contains other instances of Plaintiff Davis's unsettling behavior.  In 2011, her natural father sued Plaintiff Davis seeking injunctive relief against her because of threats against him, including making death threats.  The court granted a Temporary Restraining Order and then a Temporary Injunction against Plaintiff Davis.  (See Paul Edward Davis and Laramar McAlister Davis v. Chelsea Lynn Davis and Terri Roberts, Cause No. DC-11-10996, in the 191st Judicial District Court of Dallas County, Texas.)

1.4     Dallas Police Reports reflect similarly unsettling behavior.  For example, on February 5, 2013, Plaintiff Davis told the Dallas Police that she was being watched by Navy Seals and her phone and computer had been tapped.  She told the police that she was involved in a sex ring with approximately twenty males and females giving HIV to the individuals with whom they have sex.  She told the police she feels unsafe and afraid that the snipers are going to kill her.  The police also reported that she made multiple calls to 911 on that date and had "multiple episodes in previous days."

1.5     The Court should view Plaintiff Davis's allegations and claims with <u>extreme</u> skepticism.

1.6     Plaintiff Davis's claims are subject to a valid, enforceable arbitration agreement and Defendant intends to seek to compel arbitration of this matter.

## II.
## ADMISSIONS AND DENIALS

2.1     Defendant denies the allegations in paragraph I.1 since this case has been removed to this Court.

2.2     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph II.1.

2.3     Defendant admits the allegations in paragraph II.2.

2.4     Defendant denies the allegations in paragraph III.1 as stated but admits that this Court has jurisdiction.

2.5     Defendant denies the allegations in paragraph III.2 as stated but admits that venue is proper in this Court.

2.6     As to Plaintiff Davis's allegations in paragraph IV.1, Defendant admits that Plaintiff Davis earned an engineering degree from Duke University in 2004, Plaintiff Davis applied for a job at MS, Defendant interviewed Plaintiff Davis, and Plaintiff Davis accepted an offer from MS.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph IV.1.

2.7     As to Plaintiff Davis's allegations in paragraph IV.2, Defendant admits that Defendant is a former Texas State District Judge and District Attorney for Harrison County, Texas, which is located in the Eastern District of Texas, and Defendant was inducted into the American College of Trial Lawyers.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as phrased in paragraph IV.2.

2.8     Defendant denies the allegations in paragraph IV.3.

2.9     Defendant denies the allegations in paragraph IV.4.

2.10    Defendant denies the allegations in paragraph IV.5.

2.11    Defendant denies the allegations in paragraph IV.6.

2.12    Defendant denies the allegations in paragraph IV.7.

2.13    Defendant denies the allegations in paragraph IV.8.

2.14    Defendant denies the allegations in paragraph IV.9.

2.15    Defendant denies the allegations in paragraph IV.10.

2.16    Defendant denies the allegations in paragraph IV.11.

2.17    Defendant denies the allegations in paragraph IV.12.

2.18    Defendant denies the allegations in paragraph IV.13.

2.19    Defendant denies the allegations in paragraph IV.14.

2.20    Defendant denies the allegations in paragraph IV.15.

## III.
## OTHER MATTERS

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, and subject to any request for arbitration that may be made Defendant prays that the Court deny Plaintiff Davis all relief sought, award Defendant his costs and fees associated with defending this suit, and all other relief to which he may show himself justly entitled.

Respectfully submitted,

ABERNATHY, ROEDER, BOYD & JOPLIN, P.C.


By:   /Ross Wells/
     **Richard M. Abernathy**
     State Bar No. 00809500
     **Ross Wells**
     State Bar No. 24047087
     1700 Redbud Blvd., Ste. 300
     McKinney, Texas 75069
     (214) 544-4000 Telephone
     (214) 544-4040 Facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing was served on the 10th day of September 2013 to the following via certified mail, return receipt requested:

Chelsea L. Davis
25 Highland Park Vlg., Ste. 100-830
Dallas, Texas 75205
Facsimile: (972) 803-3576


      /Ross Wells/