IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Chelsea L. Davis,<br><br>*Plaintiff*<br><br>v.<br><br>Samuel F. Baxter,<br><br>*Defendant* | Case 4:13-cv-00514<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL OR MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Chelsea L. Davis ("Plaintiff") who files this Plaintiff's Motion for Extension of Time to File Notice of Appeal and hereby moves to modify the order of dismissal signed on October 7, 2013 and moves for extension of time to file a notice of appeal before or during the 30 days after the time prescribed by Fed. R. App. Proc. 4(a) expires, for excusable neglect or good cause, and would show unto the Honorable Court as follows:

**I. INTRODUCTION**

1.      On August 27, 2013, Plaintiff filed an Original Petition against Defendant Samuel F. Baxter ("Baxter") in the 199th Judicial District Court of Collin County, Texas asserting causes of action of human trafficking, assault and civil conspiracy. In this lawsuit, Plaintiff would request monetary relief of over $1,000,000. She has already received a settlement offer of $1,000,000 in part from Samuel F. Baxter with regard to different facts and circumstances, which she rejected. On September 9, 2013,

Defendant Samuel F. Baxter sought to delay litigation and avoid liability to Plaintiff by filing a notice of removal to federal court. On September 10, 2013, Plaintiff respectfully requested this Court to dismiss her claims without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). On October 7, 2013, this Court signed an Order of Dismissal, dismissing all claims and causes of action without prejudice, with no award of fees or costs. The Court erroneously included the sentence "ALL RELIEF NOT PREVIOUSLY GRANTED IS HEREBY **DENIED**." *Id.* (emphasis added). Plaintiff seeks to modify the Order of Dismissal to prevent any confusion as to its terms and to guarantee that Plaintiff will not suffer prejudice in pursuing her claims against Baxter. For reasons of excusable neglect or good cause, especially in light of Baxter's continued harassment of Plaintiff, Plaintiff respectfully requests this Court to extend her time to file a Notice of Appeal, to reopen this case, and/or to otherwise provide a forum in which Plaintiff may seek justice and protection as a victim of human trafficking.

## II. ARGUMENT

2. After Plaintiff filed her motion to dismiss the present case, to which Baxter agreed, Baxter continued to threaten Plaintiff with a parade of horribles that would result if she did not accept a settlement offer. Baxter scheduled another mediation in which he would bring another settlement offer to Plaintiff. But because of Baxter's history of abusive behavior and Baxter's continued threats, Plaintiff feared imminent harm and sought a protective order against Baxter to prevent him or his agents from coming to Plaintiff's home or Plaintiff's mother's home again. At the time this Court issued its Order of Dismissal, Baxter was threatening Plaintiff. For her protection, Plaintiff has been diligently pursuing a protective order against Baxter and diligently re-filed her state law claims *pro-se* in state court. Plaintiff has not had an opportunity to previously file a notice of appeal or a motion to modify the Order of Dismissal.

*A. Plaintiff Sought a Temporary Ex Parte Protective Order Against Samuel F. Baxter*

3. From August to October, 2013, Marcy Baxter, Samuel Baxter's wife, harassed and threatened Applicant by text message, threatening to follow her to see her in person on October 11, 2013, and causing her to fear imminent harm. On October 2, 2013, Baxter, alone or in combination with Leslie D. Ware, sent a man to Plaintiff's home and to Plaintiff's mother's home to knock on Plaintiff's door and yell at her, encouraging her to accept a settlement.

4. On October 16, 2013, Applicant Chelsea L. Davis filed an Application for Ex Parte Protective Order Under Tex. Code. Crim. Proc. Art. 7A against offenders Leslie D. Ware (hereinafter referred to as "Ware") and Baxter for the protection of Chelsea L. Davis as a victim of multiple offenses under Texas Penal Code Section 22.011 Sexual Assault, Section 22.021 Aggravated Sexual Assault, Section 42.072 Stalking, Section 20A.02 Trafficking of Persons, etc. The district clerk in Dallas County, Texas assigned the action styled *Chelsea L. Davis v. Leslie D. Ware and Samuel F. Baxter*, Cause No. DF-13-19281, to the 254th Judicial District Court of Dallas County, Texas, a "Family District Court," (hereinafter referred to as the "Family District Court") not a Civil District Court, based on Dallas County procedures for assigning applications for protective orders.

5. The Family District Court issued a Temporary Ex Parte Protective Order Under Tex. Code Crim. Proc. Art. 7A against Leslie D. Ware and Samuel F. Baxter for the protection of Chelsea L. Davis. *See Temporary Ex Parte Protective Order* (signed by Associate Judge Don Turner on October 16, 2013, which is either void or expired on October 30, 2013) attached as Exhibit A. The Family District Court found "[t]here is a clear and present danger of sexual assault or abuse, stalking, trafficking, or other harm to Applicant." *Id.*

6. The 254th Judicial District Court in Dallas County, Texas ordered the following:

"IT IS ORDERED, for the protection of Applicant and Applicant's family, that

Leslie D. Ware and Samuel F. Baxter, and all persons acting in concert with Leslie D. Ware and Samuel F. Baxter and on his/her/their behalf, are restrained from:

(1) coming within one thousand feet of the place of residence of Chelsea L. Davis at [redacted address];

(2) coming within one thousand feet of the place of residence of Chelsea Davis's mother at [redacted address];

(3) communicating directly or indirectly with Applicant or any member of Applicant's family in a threatening or harassing manner;

(4) communicating in any manner with Applicant or any member of Applicant's family except through their attorneys or a person appointed by this Court;

(5) engaging in conduct directed specifically toward Applicant or any member of Applicant's family, including following the person, that is reasonably likely to harass, annoy, alarm, abuse, torment, or embarrass the person; and

(6) possessing a firearm.

13. By court order for good cause shown, Baxter was restrained from *communicating directly or indirectly with Applicant in a threatening or harassing manner*; AND *communicating in any manner with Applicant*.

### *B. Baxter Violated the Temporary Ex Parte Protective Order*

7. In complete disregard of the Temporary Ex Parte Protective Order, Baxter violated the provisions restraining him and persons acting in concert with him from *communicating directly or indirectly with Applicant in a threatening or harassing manner*; AND *communicating in any manner with Applicant*. Baxter's attorney, Brian Lidji, called Ms. Davis on October 18, 2013. Mr. Lidji threatened Applicant in person and in a parking garage. Mr. Lidji threatened Applicant that several people were very angry with her for filing her application for a protective order and for revealing his clients' ongoing efforts to settle and mediate her claims against them, and anyone could follow her and send agents to her house to bang on her door, yell at her or assault her.

8. Throughout 2013, Baxter and persons acting in concert with Baxter have intentionally and repeatedly harassed Plaintiff with settlement offers and threatened Plaintiff with threats of criminal prosecution for crimes she has not committed. For example, Baxter has threatened Plaintiff with threats

of criminal prosecution for crimes, such as extortion, if she does not accept a settlement offer and proceeds with litigation instead. Baxter and persons acting in concert with Baxter have hired seven law firms of over one thousand lawyers, a mediator, an attorney named "Glenn," an attorney named "Gene" and at least one investigator. They have knocked on Plaintiff's door at her home and even harassed her mother at her mother's home to scare Plaintiff with a parade of horribles that will result if she does not settle.

9. Plaintiff fears that Baxter will follow through on his threats by committing a number of federal criminal offenses against Plaintiff, indictable under any of the following sections of Title 18, United States Code, including: section 1465 production or transportation of obscene matter for sale or distribution; section 1512 tampering with and section 1513 retaliation against a witness, victim or informant; section 1503 obstruction of justice; section 1510 obstruction of criminal investigations; and section 1511 obstruction of State and local law enforcement. Baxter and persons acting in concert with him have communicated to Plaintiff that if she does not settle, "they want her in jail." Plaintiff fears that Baxter, a very wealthy attorney, former district attorney and former district court judge in Harrison County, Texas, may have as much power as he threatens to have. Plaintiff desires to be left alone at her home, whether or not she accepts any settlement offers, without being followed, harassed, threatened and stalked.

*C. Plaintiff Seeks to Enforce the Expired Temporary Ex Parte Protective Order Against Baxter and Apply for a Permanent Protective Order*

10. While Plaintiff seeks to enforce the expired temporary ex parte protective order against Baxter and apply for a permanent protective order, the Family District Court lacks authority to enforce or issue a permanent protective order against Baxter to protect Chelsea L. Davis long-term. Under the subject matter jurisdiction and venue provisions of Tex. Code Crim. Proc. Art. 7A.01, "[a]n application

**PLAINTIFF'S MOTION TO VACATE ORDER OF DISMISSAL**
**OR MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**                                    5

for a protective order under this chapter may be filed in: (1) a district court, juvenile court having the jurisdiction of a district court, statutory county court, or constitutional county court in: (A) the county in which the applicant resides; (B) the county in which the alleged offender resides; or (C) any county in which an element of the alleged offense occurred; or (2) any court with jurisdiction over a protective order under Title 4, Family Code, involving the same parties named in the application." *Id.* (*as amended by* S.B. No. 357, effective September 1, 2013). The 254th Judicial District Court in Dallas County, Texas is not "a district court having jurisdiction over a protective order under Title IV, Family Code." *Id.* The 254th Judicial District Court could not possibly have jurisdiction over a protective order under Title IV, Family Code because a family violence protective order under Title IV, Family Code requires a finding of "family violence" or "dating violence," and there is no "family relationship" or "dating relationship," "family violence" or "dating violence," as those terms are defined by the Texas Family Code.

11. Accordingly, there is good cause for Plaintiff to reopen the present lawsuit and request that it be remanded back to the 199th Judicial District Court in Collin County, Texas, so that Plaintiff may file a motion to enforce the expired temporary ex parte protective order and apply for a permanent protective order. The Family District Court sitting in Dallas County, Texas lacks the subject matter jurisdiction required to enforce or to issue a permanent protective order against Samuel F. Baxter, a resident of Harrison County, Texas and Ware, a resident of Dallas County, Texas, for the protection of Chelsea Davis, a resident of Collin County, Texas, based on recent conduct in Collin County, Texas.

***D. The 429th or 199th Judicial District Courts in Collin County, Texas Have Authority to Enforce and Issue a Permanent Protective Order Against Baxter for the Protection of Plaintiff***

12. The 199th Judicial District Court in Collin County, Texas would be able to enforce the

expired temporary ex parte protective order against Baxter and Ware and issue a permanent protective order against Baxter and Ware for Plaintiff's protection as a victim of human trafficking, sexual assault and/or stalking. Plaintiff moved to Collin County at the end of April, 2013, such that, at the time of filing on October 16, 2013, she had not yet lived in Collin County for six months, but now, she has lived in Collin County for over six months and hopes this Court will allow her to enforce the expired temporary ex parte protective order for her protection in Civil District Court in Collin County, Texas, not Family District Court in Dallas County, Texas, and without prejudice to reopening her trafficking claims against Baxter and seeking monetary relief.

### *E. This Court Has Authority to Vacate Its Order of Dismissal, Reopening this Lawsuit, and Remand to the 199th Judicial District Court To Provide a Proper Forum for Plaintiff To Seek Justice and Protection Without Further Delay*

13. On October 28, 2013, Plaintiff Chelsea L. Davis filed an Original Petition against Defendants McKool Smith P.C. (her former employer, hereinafter referred to as MS) and Samuel F. Baxter (her former boss, hereinafter referred to as "Baxter"), styled *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* for human trafficking based on state law, Cause No. DC-13-12834, in the 298th Judicial District Court in Dallas County, Texas (hereinafter referred to as the "Civil District Court"). <u>Again, to delay litigation and to avoid liability to Plaintiff for his wrongful conduct,</u> on November 4, 2013, after the Temporary Ex Parte Protective Order expired on October 30, 2013, Baxter sought to consolidate the action styled *Chelsea L. Davis v. McKool Smith P.C. and Samuel F. Baxter,* which seeks relief of over $1,000,00, with the expired temporary ex parte protection order cause number in Family District Court, in which no monetary relief is requested, to evaporate Plaintiff's relief requested of over $1,000,000 and deny her any chance of a fair outcome.

14. On November 19, 2013, Plaintiff filed a notice of nonsuit without prejudice of Baxter to

prevent gross prejudice to Plaintiff's claims and the unfair outcome that would result from trying Plaintiff's case in Family District Court and further sly maneuvering by Baxter <u>to delay litigation and avoid liability to Plaintiff</u>. The Court dismissed Baxter without prejudice on November 19, 2013.

15. Plaintiff seeks to file the attached First Amended Original Petition (*see* attached Exhibit B) against Baxter. Plaintiff seeks to exercise her Constitutional rights to due process and an impartial trial by jury <u>without further delay</u> in a civil district court, not a family district court, without fundamental errors such as lack of subject matter jurisdiction, standing, or mandatory and/or proper venue, and without waiving her rights to due process. Victims of human trafficking who have a right under the mandatory venue provisions should not be forced to go through a trial that is for naught.

***F. This Court's Order of Dismissal Must Be Vacated Or At Least Modified By This Court or Appealed To Prevent Confusion and Any Unjustified Res Judicata Effect***

16. Plaintiff has not yet had any opportunity to conduct discovery or to present her case for relief. This Court's improper Order of Dismissal is on vague and thus improper terms and could potentially grossly prejudice Plaintiff.

17. Plaintiff has shown good cause to extend the time during which Plaintiff may file a Notice of Appeal. The Order of Dismissal is on unclear terms and could potentially cause an untended *res judicata* effect.

18. Plaintiff has shown excusable neglect as Plaintiff was being threatened and harassed by Baxter and sought a protective order against Baxter. Baxter's abuse of law or legal process is a type of threat with which Baxter has threatened his trafficking victims in the past and that the state and federal laws prohibiting trafficking of persons aim to prevent. This Court should not enable Baxter by allowing him to manipulate his victim with various threats in order to deny her rights to appeal this vague Order of Dismissal and cause her to lose her rights under the law to seek redress as victim of human trafficking.

## III. CONCLUSION

19. For the reasons set forth above, Plaintiff respectfully requests this Court to extend the time during which Plaintiff may file a notice of appeal to appeal the Order of Dismissal signed on October 7, 2013 by thirty days;

20. Plaintiff requests this Court to vacate the Order of Dismissal and reopen this case for proceeding in this Court or for remand to the 199th Judicial District Court; or

21. Plaintiff requests this Court to vacate the Order of Dismissal and enter a new Order of Dismissal.

22. Plaintiff also objects to an order of dismissal signed by a magistrate judge.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *Pro-Se Plaintiff*
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (972) 803-3576
cdavis@chelseadavispc.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this instrument will be sent to all counsel of record on this 5th day of December, 2013, by facsimile.

/s/Chelsea L. Davis
Chelsea L. Davis, Pro-Se